

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| FRIEDMAN N. A. ONOCHIE and | ) CASE NO. 14-80447-G3-13 |
| PATRICIA G. ONOCHIE, | ) |
| | ) |
| Debtors, | ) |
| | ) |

MEMORANDUM OPINION

The court has held a hearing on the "Application for Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a)" (Docket No. 50) filed by Propel Financial Services, LLC, and the "Application for Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a)" (Docket No. 52) filed by Lone Star Issuance Corporation.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the applications.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Friedman N. A. Onochie and Patricia G. Onochie ("Debtors") filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code on November 25, 2014.

In the instant applications, Propel Financial Services, LLC ("Propel") and Lone Star Issuance Corporation ("Lone Star") seek allowance of attorney fees and costs for reviewing various documents and preparing proofs of claim in the instant case. The two applications are supported by the time and expense records of the law firm that has appeared as counsel for both Propel and Lone Star.

In the instant applications, Propel and Lone Star have each asserted that they are oversecured creditors, whose liens arise pursuant to Section 32.06 of the Texas Tax Code, as assignees of the taxing authorities.

At the hearing on the instant applications, counsel for Propel and Lone Star, who appeared by telephone, argued that the attorney fees and costs are provided for in the contracts Debtors entered into with Propel and Lone Star. The contracts are not in evidence.[1]

## Conclusions of Law

The instant applications present a question of first impression for this court. Section 506(b) of the Bankruptcy Code provides:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be

---

[1] The court does not permit the presentation of evidence by telephone.

2

>allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b).

Section 32.06 of the Texas Tax Code provides in pertinent part:

>(e) A transferee holding a tax lien transferred as provided by this section may not charge a greater rate of interest than 18 percent a year on the funds advanced. Funds advanced are limited to the taxes, penalties, interest, and collection costs paid as shown on the tax receipt, expenses paid to record the lien, plus reasonable closing costs.
>
>(e-1) A transferee of a tax lien may not charge a fee for any expenses arising after the closing of a loan secured by a tax lien transferred under this section, including collection costs, except for:
>
>>(1) interest expressly authorized under this section;
>>
>>(2) the fees for filing the release of the tax lien under Subsection (b);
>>
>>(3) the fee for providing a payoff statement under Subsection (f-3);
>>
>>(4) the fee for providing information regarding the current balance owed by the property owner under Subsection (g); and
>>
>>(5) the fees expressly authorized under Section 351.0021, Finance Code.
>
>(e-2) The contract between the property owner and the transferee may provide for interest for default, in addition to the interest permitted under Subsection (e), if any part of the installment remains unpaid after the 10th day after the date the installment is due, including Sundays and holidays.  If the lien transferred is on residential property owned and used by the property owner for personal, family, or household purposes, the additional interest may not

>   exceed five cents for each $1 of a scheduled installment.

Tex. Tax Code § 32.06.

The services addressed in the time and expense records attached to the instant applications are not within the categories provided for under Section 32.06(e-1). The court concludes that the fees and expenses sought in the instant applications are not "provided for under the agreement or State statute" under which the applicants' claims arose. Thus, the fees sought are not allowed pursuant to Section 506(b) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered denying the "Application for Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a)" (Docket No. 50) filed by Propel Financial Services, LLC, and the "Application for Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a)" (Docket No. 52) filed by Lone Star Issuance Corporation.

Signed at Houston, Texas on July 6, 2015.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE